IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————————

| | | |
|---|---|---|
| HAROLD LISCHNER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 05-4546 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| UPPER DARBY TOWNSHIP, | : | |
| | : | |
| Defendant. | : | |

—————————————————————————

## PLAINTIFF'S PRETRIAL MEMORANDUM

Pursuant to the Court's Order of February 7, 2007 and Local R. Civ. P. 16.1(c), plaintiff

Harold Lischner, through his counsel, David Rudovsky and Jonathan H. Feinberg, submits this

Pretrial Memorandum.

## I.    NATURE OF ACTION

This is a civil rights action brought under 42 U.S.C. § 1983.  The Court has jurisdiction

under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## II.    STATEMENT OF THE CASE

On September 15, 2003, Plaintiff Dr. Harold Lischner was at a public event on the

grounds of the privately owned Drexelbrook Community with approximately fifty other

members of the public to observe the motorcade of President George W. Bush, who was giving a

speech at the Drexelbrook Catering and Banquet Facility.  Dr. Lischner, in an act of peaceful

political expression, placed a small sign on his chest with a message concerning the funding of

the war in Iraq.  Michael Kehrle, a sergeant in the Upper Darby Township Police Department, at

the request of persons associated with the Drexelbrook Community who had adopted a policy of

no signs or protesting for the day of the event, told Dr. Lischner he would have to put the sign

away or face arrest.  When Dr. Lischner asserted that it was his right to display the sign at a

public event, Kehrle arrested him, purportedly on the ground that Dr. Lischner had committed

the crime of defiant trespass under the Pennsylvania Criminal Code, 18 Pa. C.S. § 3503(b).  Dr.

Lischner was charged with disorderly conduct and tried before a Magisterial District Justice who

found him not guilty.

Thereafter, Dr. Lischner brought this action naming as defendants Sergeant Kehrle and

Upper Darby Township (UDT).  After cross motions for summary judgment were filed, the

Court, in a Memorandum and Order filed on February 5, 2007, dismissed Dr. Lischner's claims

against defendant Kehrle but denied summary judgment as to UDT.  Accordingly, there are two

claims to be presented to the jury: that Dr. Lischner's Fourth Amendment right to be free from

unreasonable searches and seizures was violated as a result of either (1) a policy, practice, or

custom of UDT, or (2) UDT's failure to properly train its officers.

We note that with respect to Dr. Lischner's claim that his rights were violated as a result

of a UDT policy, practice, or custom, in light of the undisputed nature of certain material facts,

and in light of the Court's legal rulings, the issues for trial have been substantially narrowed.

First, as the Court stated in its summary judgment ruling, "it is undisputed that it was the

affirmative 'policy' of Upper Darby on the day of the President's visit to defer to the property

owner's declaration of permissible activity and arrest members of the public holding signs or

otherwise 'protesting' on Drexelbrook property."  Mem. and Order at 27; *see also id.* at 27-28

(noting defendant's admissions that Sergeant Kehrle was instructed by his superiors to enforce

the policy of Drexelbrook Associates).  Second, the Court has ruled as a matter of law that the

policy of Drexelbrook Associates adopted and enforced by UDT on the day of the President's

visit was unlawful.  *See* Mem. and Order at 9 ("[T]he Court finds that Drexelbrook's 'no signs or

protesting' policy was unlawful."); *id.* at 14 ("[T]he Court concludes that the condition as imposed by Drexelbrook in this instance was unlawful."); *id.* at 19 ("[T]he Court concludes that the 'no signs or protesting' condition imposed by Drexelbrook in these circumstances was unlawful."); *id.* at 28 ("Since the 'no signs or protesting' policy was unlawful….").[1]  Because the policy was unlawful, the "condition" imposed upon Dr. Lischner's presence on the Drexelbrook grounds (no signs or protesting) was unlawful.  Thus, as a matter of law, Dr. Lischner did not commit the crime of defiant trespass, and the arrest of Dr. Lischner was in violation of the Fourth Amendment.  *See* 18 Pa. C.S. § 3503(c)(2) (providing for defense to defiant trespass charge when "the premises were at the time open to the public and the actor complied with all lawful conditions imposed on access to or remaining on the premises"); *Commonwealth v. Tate*, 432 A.2d 1382 (Pa. 1981).

For this reason, the only issues to be decided by the jury at trial on the policy claim are (1) whether UDT's unlawful policy caused Dr. Lischner's constitutional injury, *see* Mem. and Order at 28 ("Since the 'no signs or protesting' policy was unlawful, a rational trier of fact may find that Upper Darby's policy called for the unlawful arrest of persons not engaged in criminal activity, and, therefore, caused Dr. Lischner's constitutional injury."), and, if  answered in the affirmative, (2) Dr. Lischner's damages.

---

[1] The Court reached this conclusion based on an exhaustive analysis of Third Circuit and Pennsylvania case law concerning the interplay of the freedom of speech and property rights in the context of Pennsylvania's defiant trespass statute that need not be repeated extensively here. We understand the Court to have based its conclusion on the following: (1) that Drexelbrook welcomed members of the public onto its property for an event that was fundamentally political in nature and that, as such, Drexelbrook created a forum for expression, Mem. and Order at 14-16; (2) Dr. Lischner's expression was not incompatible with the circumstances of the President's visit, Mem. and Order at 16-17; and (3) in light of the provision of a political forum to the President to engage in the expressive activity of fundraising, the no signs or protesting condition imposed by Drexelbrook on members of the public constituted an impermissible non-uniform application of conditions, Mem. and Order at 17-18.

### III.     DAMAGES

Dr. Lischner seeks damages for physical and emotional pain and suffering, the deprivation of his liberty, and the violation of his constitutional right to free expression, which damages will be quantified by the jury.

### IV.     WITNESSES

Dr. Lischner may introduce testimony at trial from the following witnesses:

1.     Plaintiff Harold Lischner

2.     Sergeant Michael Kehrle

Dr. Lischner reserves the right to introduce testimony from any witnesses identified on defendant's witness list.

### V.     SCHEDULE OF EXHIBITS

Dr. Lischner may offer at trial the following exhibits, all of which have pursuant to the Court's February 7, 2007 Order previously been provided to the defense:

1.     Plaintiff's *Curriculum Vitae*

2.     Google.com map of Drexelbrook area (previously marked Kehrle 1)

3.     Notice of Trial, Summons for a Summary Case, and Non-Traffic Citation Summons (previously marked collectively as Kehrle 2)

4.     Upper Darby Township Police Department Incident Report (previously marked Kehrle 3)

5.     Upper Darby Township Police Department Complaints Report (previously marked Kehrle 4)

6.     Deposition of Sergeant Michael Kehrle

7.     Plaintiff's e-mail messages (appended to Plaintiff's Initial Disclosures)

8.     Discovery responses (including attached documents) of Upper Darby Township and Sergeant Michael Kehrle

9.      Photographs of Drexelbrook Community (appended as Ex. B to Plaintiff's
        Summary Judgment filing)

In addition to these exhibits, plaintiff reserves the right to introduce or otherwise use at

trial any and all pleadings filed in this matter on behalf of the defendants.

## VI.    ESTIMATED TIME OF TRIAL

Plaintiff estimates that the trial of this matter will take two to three days.

## VII.   SCHEDULING ISSUES

Plaintiff understands that it is the Court's practice to place civil cases into a trial pool and

that a case may be called to trial on 24-hours notice.  In light of the fact that Dr. Lischner

currently resides in California, we would respectfully request that the Court schedule trial for a

date certain so as to allow for appropriate travel arrangements.

## VIII.  OFFERS OF PROOF AND OBJECTIONS REGARDING DEFENSE EXHIBITS

The defense has listed in its exhibit list forwarded to plaintiff's counsel on April 17, 2007

a number of exhibits which we believe to be irrelevant to the issues at trial.  Because paragraph 3

of the Court's February 7, 2007 Order states that the parties need not raise relevancy objections

in pretrial memoranda, we do not, other than to expressly preserve such objections to defense

exhibits 9, 13, 14, 15, 16, and 17, address these issues further here.

However, we note that with respect to two of these exhibits, exhibit 13 (the entirety of the

UDT Administrative Code) and exhibit 14 (the entirety of the UDT home rule charter), neither of

which was identified in discovery as relevant to UDT's defenses, plaintiff has requested from the

defense an offer of proof as to these exhibits and a particularized explanation as to the section(s)

of these voluminous exhibits that will be used at trial.  The defense has responded by stating only

that "these documents are matters of public record that relate to Plaintiff's Monell action."[2]  We respectfully submit that this offer of proof is entirely insufficient and request that the Court direct the defense to provide a more particularized explanation of the intended use of these exhibits.

Respectfully submitted,


DATE:  April 24, 2007                  /s/ Jonathan H. Feinberg
                                       David Rudovsky
                                       Jonathan H. Feinberg
                                       KAIRYS, RUDOVSKY, MESSING & FEINBERG, LLP
                                       The Cast Iron Building
                                       718 Arch Street, Suite 501 South
                                       Philadelphia, PA  19106
                                       (215) 925-4400
                                       (215) 925-5365 (fax)

                                       *Counsel for Plaintiff*

---

[2] The defense list of exhibits, plaintiff's letter of April 19, 2007 requesting an offer of proof, and defense counsel's responsive letter of April 23, 2007 are appended at Exhibit A.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2007, the foregoing Pretrial Memorandum was filed via the Court's CM/ECF system, is available for viewing and downloading, and, as such, was served upon all parties.  Additionally, a copy of said filing has been sent via first-class mail to counsel for defendant:

        Michael P. Laffey, Esq.
        Holsten & Associates
        One Olive Street
        Media, PA  19063

        /s/ Jonathan H. Feinberg
        Jonathan H. Feinberg

# EXHIBIT A

# Holsten & Associates

One Olive Street
Media, Pennsylvania 19063
(610) 566-8800
Fax (610) 566-9168

William F. Holsten, II

Robert P. DiDomenicis
Suzanne McDonough
Robert F. Kelly, Jr.
Jennifer Holsten Maddaloni
Cecilia M. Muneses
Matthew J. Connell
Brian S. Frantum
Scott C. Gottel
Jason G. Bates
Michael P. Laffey

Direct Dial No.
(610) 627-2437

e-mail: mlaffey@holstenassoc.com

April 17, 2007

*VIA FACSIMILE (215)925-5365* and
*ELECTRONIC MAIL(JFeinberg@krlawphila.com)*
Jonathan Feinberg, Esquire
Kairys, Rudovsky, et al.
924 Cherry Street – Suite 500
Philadelphia, PA 19107

Re:   Lischner v. Upper Darby Township, et al.
        U.S.D.C. 05-CV-4546

Dear Mr. Feinberg:

I am attaching Defendants' Schedule of Exhibits.

It appears that Defense Exhibit D-9 (Upper Darby Township Directive on Use of Force, Directive No. 205.00) was not previously provided to Plaintiff. Thus, I am faxing same to you this date. Defense Exhibits D-13 and D-14 are available online at http://www.upperdarby.org/government.html.

I am fairly certain that you have everything else on Defendants' Schedule of Exhibits. If not, please let me know and I will provide you with same. If I do not hear back from you concerning same, I will assume that you have everything.

On another note, I noticed that current Superintendent Michael Chitwood was listed on Defendants' Self-Executing Disclosures as a person with knowledge of Defendants' policies. While going through documents this date, I noticed that the superintendent at the time of the incident was Vincent J. Ficchi. It is my belief that Mr. Ficchi is no longer with the Upper Darby Police Department. I will confirm same with the police department tomorrow and, if applicable, will provide his last known address.

Finally, please add Captain Michael Kenny to Defendants' list of witnesses. I note that Defendants previously provided Plaintiff with Captain Kenny's memorandum re: the President's visit.

Thank you for your attention to this matter.

Very truly yours,

HOLSTEN & ASSOCIATES

MICHAEL P. LAFFEY

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Harold Lischner** | : | **No. 05-CV-4546** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Upper Darby Township and** | : | **JURY TRIAL DEMANDED** |
| **Officer Michael Kehrle** | : | |
| **Defendants** | : | |

## DEFENDANTS' SCHEDULE OF EXHIBITS

D-1:   Plaintiff's email dated September 16, 2003;

D-2:   Plaintiff's email dated September 24, 2003;

D-3:   Plaintiff's drawing of Drexelbrook ("Lischner 1" in transcript of Plaintiff's deposition);

D-4:   Map of Drexelbrook Community (Exhibit "A" in Defendants' Motion for Summary Judgment);

D-5:   Upper Darby Township Police Department Patrol Division Memorandum prepared by Captain Michael Kenny;

D-6:   Affidavit of William Kay (Exhibit "B" in Defendants' Motion for Summary Judgment);

D-7:   Upper Darby Township Code of Conduct, Directive Number 200.0;

D-8:   Upper Darby Township Code of Discipline, Directive Number 201.0;

D-9:   Upper Darby Township Directive on Use of Force, Directive Number. 205.00;

D-10:  Non-Traffic Citation/Summons for Disorderly Conduct against Plaintiff;

D-11:  Upper Darby Township Police Department Incident Report ("Kehrle 3" in transcript of Sergeant Kehrle's deposition);

D-12:  Upper Darby Township Police Department Complaints Report ("Kehrle 4" in transcript of Sergeant Kehrle's deposition);

D-13:  Upper Darby Township Administrative Code;

D-14:   Upper Darby Township Home Rule Charter;

D-15:   Commendatory Letter regarding Defendant, Sergeant Kehrle by Vincent J. Ficchi
re: incident on February 24, 2003;

D-16:   Commendation of Merit dated January 25, 1999 regarding Defendant, Sergeant
Kehrle by Vincent J. Ficchi;

D-17:   Letter from Denise Zschunke to Vincent J. Ficchi re: Defendant, Sergeant
Michael Kehrle

     Defendants reserve the right to utilize the parties' pleadings, deposition
transcripts, and discovery responses at trial.

_____
**Michael P. Laffey, Esquire**
Attorney I.D. No. 90225
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 627-2426

## <u>CERTIFICATE OF SERVICE</u>

I, Michael P. Laffey, Esquire, counsel for Defendants hereby certifies that a true and correct copy of the within Schedule of Exhibits was served upon the following individual via electronically or by U.S. First Class Mail this 17th day of April, 2007:

Jonathan Feinberg, Esquire
Kairys, Rudovsky, et al.
924 Cherry Street – Suite 500
Philadelphia, PA  19107

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

**BY:** _____

**MICHAEL P. LAFFEY, ESQUIRE**
**Attorney for Defendants**

**KAIRYS, RUDOVSKY, MESSING & FEINBERG, LLP**

Law Offices
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

Phone (215) 925-4400
Fax    (215) 925-5365
jfeinberg@krlawphila.com

David Rudovsky
Paul Messing
Jonathan Feinberg
Ilene Kalman (1985-1996)
Jules Epstein
    Of Counsel
David Kairys
    Of Counsel
Tanya Smith
    Office Manager

April 19, 2007

*Via Fax and E-mail*
Michael P. Laffey, Esq.
Holsten & Associates
One Olive Street
Media, PA  19063

Re:   *Lischner v. Upper Darby Township*, No. 05-4546

Dear Mr. Laffey:

I have received your letter and enclosures of April 17, 2007, and write now with the following questions and requests for offers of proof related to the witnesses and exhibits identified therein:

1.   In your letter, you state that Vincent J. Ficchi, as opposed to Michael Chitwood, was the superintendent of the Upper Darby Township Police Department at the time of plaintiff's arrest.  I am assuming, then, that if the defense intends to call any witness related to the policies and practices of Upper Darby Township, the defense will call Mr. Ficchi, as opposed to Mr. Chitwood.  I am assuming, further, that the defense has no intention of calling Mr. Chitwood as a witness.  Please let me know whether these assumptions are correct.

2.   In your letter, you also identify Captain Michael Kenny as a witness.  Please provide an offer of proof as to Captain Kenny's anticipated testimony.

3.   Please provide offers of proof with regard to the following defense exhibits: 9, 13, 14, 15, 16, and 17.  Additionally, with respect to defense exhibits 13 and 14, the Upper Darby Township Administrative Code and Home Rule Charter, I note that these materials are quite extensive and that neither your letter nor the defense schedule of exhibits identifies with particularity the section(s) of these exhibits that are intended for use at trial.  I also note that neither of these exhibits was identified during the discovery period as relevant to Upper Darby Township's defenses despite plaintiff's request for production seeking the disclosure of such materials.  (See Plaintiff's Request for Production No. 2, served on December 12, 2005).  Accordingly, I would

Michael P. Laffey, Esq.
April 19, 2007
Page 2

ask that, in addition to an offer of proof regarding these materials, you identify the specific section(s) of these materials that may be introduced at trial.

In light of the April 24th deadline for the filing of plaintiff's pre-trial memorandum, I would ask that you provide a response on these issues by the close of business on Monday, April 23rd.

Thank you for your attention to this request.

Sincerely yours,


Jon Feinberg

# Holsten & Associates

One Olive Street
Media, Pennsylvania 19063
(610) 566-8800
Fax (610) 566-9168

William F. Holsten, II

Robert P. DiDomenicis
Suzanne McDonough
Robert F. Kelly, Jr.
Jennifer Holsten Maddaloni
Cecilia M. Muneses
Matthew J. Connell
Brian S. Frantum
Scott C. Gottel
Jason G. Bates
Michael P. Laffey

Direct Dial No.
(610) 627-2437

e-mail: mlaffey@holstenassoc.com

April 23, 2007

***VIA FACSIMILE (215)925-5365***
Jonathan Feinberg, Esquire
Kairys, Rudovsky, et al.
924 Cherry Street – Suite 500
Philadelphia, PA 19107

Re:   **Lischner v. Upper Darby Township, et al.**
      **U.S.D.C. 05-CV-4546**

Dear Mr. Feinberg:

This correspondence relates to yours dated April 19, 2007.

1.     Upper Darby Township reserves the right to call both Vincent J. Ficchi and Michael Chitwood.  However, Upper Darby Township expects that it will only be necessary to call Mr. Ficchi.

2.     As you know, Defendants provided Plaintiff with Captain Kenny's memorandum regarding the President's arrival on the date in question.  Accordingly, Defendants added his name to their list of potential witnesses.  Captain Kenny would be expected to testify as to meeting with the property owner and Secret Service in advance of the President's arrival and, also, the assignments put in place for said event.

3.     Defendant's Exhibit D-9 is the policy of Upper Darby Township with respect to the application of force.  With respect to Defense Exhibits D-13 and D-14, these documents are matters of public record that relate to Plaintiff's Monell action.  Defense Exhibits D-15, 16, and 17 represent commendations received by Sergeant Kehrle that have previously been produced to Plaintiff.  Defendants assert that said exhibits also relate to Plaintiff's Monell action.

Finally, Mr. Ficchi's last known address is: 150 Woodlawn Avenue, Upper Darby, PA 19082.

Thank you for your attention to this matter.

Very truly yours,

HOLSTEN & ASSOCIATES

MICHAEL P. LAFFEY

MPL