IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Harold Lischner** | : | No. 05-CV-4546 |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Upper Darby Township and** | : | **JURY TRIAL DEMANDED** |
| **Officer Michael Kehrle** | : | |
| **Defendants** | : | |

### DEFENDANTS' PRE-TRIAL MEMORANDUM

Defendants, Upper Darby Township and Officer Michael Kehrle, by and through their attorney, Michael P. Laffey and Robert P. DiDomenicis, hereby file their Pre-Trial Memorandum pursuant to the Court's Revised Scheduling Order dated February 7, 2007.

**I.   Nature of Action:**

Plaintiff alleges a civil rights actions pursuant to 42 U.S.C. § 1983.  Plaintiff asserts a Monell action in connection with an alleged Fourth Amendment violation. Jurisdiction is proper in this Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

**II.   Defendants' Counter-Statement of Facts:**

On September 15, 2003, President George W. Bush held a private, fund-raising event at the Drexelbrook Catering Facility in Upper Darby Township, Pennsylvania. President's event.  Members of the Upper Darby Township Police Department were assigned to assist "Drexelbrook Associates'" private security and federal agents with security for the President's event.  Upper Darby Township Police were instructed by "Drexelbrook Associates" that no protesting was permitted on its property, including the displaying of signs.  An area for protestors was designated on property adjacent to "Drexelbrook" that was along the path of the Presidential motorcade.

Plaintiff appeared on the private property known as "Drexelbrook" and displayed a sign in protest of President Bush.  Auxiliary police personnel instructed Plaintiff that he was not permitted to display his sign at "Drexelbrook," however, Plaintiff verbally refused to comply and continued to display his sign.  Sergeant Michael Kehrle arrived on the scene and instructed Plaintiff that he was on private property and that "Drexelbrook's" owners would not allow signs on its property.  Plaintiff again stated his refusal to comply and continued to display his sign.  Defendant Kehrle pleaded with Plaintiff to comply, however, Plaintiff repeatedly refused.

"Drexelbrook Associates'" private security also advised Plaintiff that he was on private property and that no signs were permitted.  Plaintiff again refused to comply and continued to display his sign.  "Drexelbrook Associates'" private security then instructed Plaintiff to leave the property, however, Plaintiff refused to leave.

Defendant Kehrle advised Plaintiff that he would have no choice but to arrest Plaintiff if he did not leave the property, however, Plaintiff still refused to leave. Thereafter, Defendant Kehrle placed Plaintiff under arrest for "Defiant Trespass," 18 Pa.C.S. § 3503, a Misdemeanor.  Acting out of empathy towards Plaintiff, Defendant Kehrle ultimately charged Plaintiff with a lesser, inapplicable charge, i.e., "Disorderly Conduct," a Summary Offense.

**III.   Damages:**

Plaintiff's damages are of nominal value should Plaintiff prevail.

**IV.   Defendants' Witness List:**

Defendants may introduce the testimony of the following persons:

1. Sergeant Michael Kehrle

    2.      Plaintiff, Dr. Harold Lischner

    3.      Captain Michael Kenny

    4.      Superintendent Michael Chitwood

    5.      Vincent Ficchi
          150 Woodlawn Avenue
          Upper Darby, PA 19082

Defendants reserve the right to call rebuttal witnesses.

**V.**    **Defendants' Schedule of Exhibits:**

Defendants may introduce the following exhibits at trial:

D-1:   Plaintiff's email dated September 16, 2003;

D-2:   Plaintiff's email dated September 24, 2003;

D-3:   Plaintiff's drawing of Drexelbrook ("Lischner 1" in transcript of Plaintiff's deposition);

D-4:   Map of Drexelbrook Community (Exhibit "A" in Defendants' Motion for Summary Judgment);

D-5:   Upper Darby Township Police Department Patrol Division Memorandum prepared by Captain Michael Kenny;

D-6:   Affidavit of William Kay (Exhibit "B" in Defendants' Motion for Summary Judgment);

D-7:   Upper Darby Township Code of Conduct, Directive Number 200.0;

D-8:   Upper Darby Township Code of Discipline, Directive Number 201.0;

D-9:   Upper Darby Township Directive on Use of Force, Directive Number. 205.00;

D-10:  Non-Traffic Citation/Summons for Disorderly Conduct against Plaintiff;

D-11:  Upper Darby Township Police Department Incident Report ("Kehrle 3" in transcript of Sergeant Kehrle's deposition);

D-12:  Upper Darby Township Police Department Complaints Report ("Kehrle 4" in transcript of Sergeant Kehrle's deposition);

    D-13:   Upper Darby Township Administrative Code;

    D-14:   Upper Darby Township Home Rule Charter;

    D-15:   Commendatory Letter regarding Defendant, Sergeant Kehrle by Vincent J. Ficchi re: incident on February 24, 2003;

    D-16:   Commendation of Merit dated January 25, 1999 regarding Defendant, Sergeant Kehrle by Vincent J. Ficchi;

    D-17:   Letter from Denise Zschunke to Vincent J. Ficchi re: Defendant, Sergeant Michael Kehrle

Defendants reserve the right to utilize the parties' pleadings, deposition transcripts, and discovery responses at trial.

**VI.**    **Estimate of Length of Trial:**

Defendants estimate that trial will last a minimum of two (2) and a maximum of three (3) days.

**VII.**    **Special Commentary:**

    **a)**    **Legal Issues:**

Defendants respectfully maintain that the condition imposed by Drexelbrook Associates on the night in question was lawful;

Defendants respectfully maintain that Defendant Kehrle possessed probable cause to arrest Plaintiff, as a matter of law (regardless of the lawfulness of the condition imposed by Drexelbrook);

Defendants respectfully maintain that Plaintiff failed to adduce sufficient evidence to proceed with his claim that Upper Darby Township had a policy of deference to property owners;

Defendants respectfully maintain that Plaintiff failed to adduce sufficient evidence to proceed with his claim that Upper Darby Township failed to properly train its

police officers.

**VIII.   Objections (other than relevancy):**

Defendants object on hearsay grounds to any attempt by Plaintiff to introduce Plaintiff's Curriculum Vitae (Item #1 in Plaintiff's Schedule of Exhibits) and e-mail messages (Item #7 in Plaintiff's Schedule of Exhibits).  Defendants reserve all objections based on relevancy.

**Respectfully Submitted,**

_____
**Michael P. Laffey, Esquire**
Attorney I.D. No. 90225
Holsten & Associates
One Olive Street
Media, PA 19063
(610) 627-2426

## CERTIFICATE OF SERVICE

I, Michael P. Laffey, Esquire, counsel for Defendants hereby certifies that a true and correct copy of Defendants' Pretrial Memorandum was served upon the following individual via electronically or by U.S. First Class Mail this 1st day of May, 2007:

>Jonathan Feinberg, Esquire
>Kairys, Rudovsky, et al.
>924 Cherry Street – Suite 500
>Philadelphia, PA  19107

>Respectfully submitted,

>**HOLSTEN & ASSOCIATES**

**BY:**
>_____
>**MICHAEL P. LAFFEY, ESQUIRE**
>**Attorney for Defendants**