IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD LISCHNER,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **UPPER DARBY TOWNSHIP, et al.,** | : | |
| Defendants | : | NO. 05-4546 |

<u>MEMORANDUM</u>

PRATTER, J.                                                                                                      JULY 26, 2007

Dr. Harold Lischner sued Upper Darby Township and Police Officer Michael Kehrle (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, alleging Officer Kehrle arrested him in contravention of state law and the Fourth Amendment of the federal Constitution.

**BACKGROUND**[1]

Dr. Lischner asserts in his Complaint that (1) his arrest violated his rights under the Fourth and Fourteenth Amendments to the Constitution; (2) Upper Darby proximately caused this violation of his rights because it failed to properly train and supervise its law enforcement officers with respect to the legal cause required to effect an arrest and the rights of citizens to engage in political expression; and (3) the Defendants are liable to Dr. Lischner for the torts of false arrest and false imprisonment.

The parties filed cross motions for summary judgment and partial summary judgment. By Order of February 5, 2007, the Court granted summary judgment on all claims against Officer Kehrle on the ground of qualified immunity. Upper Darby subsequently filed several motions *in limine* in anticipation of trial, which the Court decided by Order of July 11, 2007. Upper Darby

---

[1] The factual background of this case has been previously recounted in the Court's prior memoranda and orders. Thus, it will not be repeated here.

filed a Motion for Reconsideration of the Court's July 11, 2007 ruling on Upper Darby's Motion *in Limine* to Preclude Plaintiff from Asserting that the Alleged Constitutional Violation was Caused by Either: 1) a Policy Statement or Decision by Defendant; or 2) a Custom or Well-Settled Practice of Defendant. Dr. Lischner opposes the Motion for Reconsideration, but has foregone the opportunity to file a formal response.[2] For the reasons discussed below, the Court will deny the Motion. The Court also will address here certain matters for the benefit of the parties' preparation for the trial that is now expected to take place early in the fall.

**LEGAL STANDARD**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration "addresses only factual and legal matters that the court may have overlooked. . . . It is improper on a motion for reconsideration to ask the court to rethink what it had already thought through – rightly or wrongly." Glenolden Energy Co. v. Borough of Glenolden, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations omitted).

**DISCUSSION**

The defense moved to preclude reference to a municipal policy or custom on the grounds that (1) Dr. Lischner "made no allegation in his Complaint that the alleged constitutional violation by [Sergeant] Kehrle was caused by a policy statement or decision made by [Upper Darby];" and (2) Dr. Lischner "adduced *no* factual or statutory support at summary judgment that Sergeant Parsons is an official with *final policymaking authority*" and "adduced *no evidence* that

---

[2] By letter of July 18, 2007, the Plaintiff stated his opposition to the Motion, but elected not to file a formal response, citing his previous Memorandum of Law submitted in support of the Plaintiff's proposed jury instructions.

a *policymaker* for [Upper Darby] acquiesced in any type of custom." (Def. Motion in Limine, Doc. No. 36 (emphasis in original).)

### 1. Dr. Lischner's Failure to Plead a Policy Claim

In his Complaint, Dr. Lischner pleaded that the alleged constitutional violation by Sergeant Kehrle was caused by Upper Darby's "pattern, practice and custom" and/or "deliberate indifference to the need for more or different training." (Compl. ¶¶ 34-35.) Dr. Lischner did not expressly plead that an affirmative policy or decision on the part of an official with final decisionmaking authority caused his allegedly unlawful arrest. While in connection with ruling upon the summary judgment motions the Court may not have been fully appreciative of the fact that Dr. Lischner initially failed to plead expressly in detail a "policy"-based Monell claim in his Complaint, the Court nonetheless holds that Dr. Lischner cannot now be precluded from amending the Complaint to include such a claim.

Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part that

> [w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Fed. R. Civ. P. 15(b).

As the Court of Appeals for the Third Circuit has explained, Rule 15(b) "provides two very different routes for amendment to conform to the issues. One route is where the issues are tried by express or implied consent of the parties." Deakyne v. Commissioners of Lewes, 416 F.2d 290, 298-300 (3d Cir. 1969) (citing Niedland v. United States, 338 F.2d 254, 259 (3d Cir. 1964)). Here, that route is inapplicable because there has not yet been a trial. See Systems Inc. v. Bridge Elecs. Co., 335 F.2d 465, 466-67 (3d Cir. 1964) ("The rule is applicable only where it clearly appears from the record that an issue not raised in the pleadings and not preserved in the pretrial order *has in fact been tried* and that this procedure has been authorized by express or implied consent of the parties.") (emphasis added).

The second route available pursuant to Rule 15(b) applies "where evidence is objected to on the ground that it is 'not within the issues made by the pleadings.' If objection is made, the court may allow amendment to the pleadings 'and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits.' The court may also grant a continuance to allow the objecting party time to meet the evidence." Deakyne, 416 F.2d at 298 (quoting Fed. R. Civ. P. 15(b)); see also Scott v. Baltimore & O. R. Co., 151 F.2d 61, 65 (3d Cir. 1945) ("[I]f objection is made to the trial of an issue not raised by the pleadings, an amendment is to be allowed to raise the issue, unless the objecting party can show that he would be actually prejudiced, and even in that case the court may permit the amendment and grant a continuance, so that the objecting party can meet the new issue and thus obviate the prejudice which he would suffer if obliged to litigate the issue at that time.") (citing 1 Moore's Federal Practice 786 § 15.01). This second provision of Rule 15(b) is entirely

and appropriately applicable in the present case, where the defense has objected to the "policy" claim on the grounds that it was not raised in the pleadings. Accordingly, the Court may allow appropriate amendment to the pleadings so long as the Defendants are not prejudiced.

Although here such an amendment comes shortly before trial, Upper Darby will not be prejudiced by allowing Dr. Lischner to amend his Complaint to expressly pursue a policy claim. Upper Darby has been aware since the filing of Dr. Lischner's Motion for Partial Summary Judgment and Response over a year ago[3] that Dr. Lischner intended to pursue a Monell claim based on an alleged policy attributed to Upper Darby. Indeed, Upper Darby did not file a reply to Dr. Lischner's response, and did not object to the policy claim in its response to Dr. Lischner's motion.[4] At oral argument, Upper Darby stated its opposition to the policy claim on the merits, but did not object that such a claim had not been pleaded. (See July 20, 2006 Tr. at 13-14.)

Moreover, while the Court recognizes that the Defendants cannot necessarily be expected to gather and present evidence in defense against a claim that was never pleaded, any prejudice to Upper Darby will be alleviated by the continuance of trial and reopening of discovery to both parties on this issue. As the Court of Appeals has explained,

> [t]he party opposing the amendment should not succeed by arguing a technical change in the 'cause of action' or 'defense,' since that merely means 'legal' and not 'actual' surprise. He must show that he would be prejudiced in maintaining his action or defense on the merits by the admission of the evidence. Even if he does show that he is not prepared, and could not have been expected, to meet the evidence offered, the court may still permit the amendment, and grant a continuance to enable the objecting party to meet such evidence.

---

[3] Dr. Lischner's Motion for Partial Summary Judgment and Response was filed on May 19, 2006.

[4] Dr. Lischner did not move for summary judgment on his Monell claims.

5

Deakyne, 416 F.2d at 299 (citing 3 Moore, Federal Practice at ¶ 15.14); see also In re Meyertech Corp., 831 F.2d 410, 422-23 (3d Cir. 1987) (permitting amendment at late stage); cf. Idzojtic v. Pennsylvania R. Co., 431 F.2d 1029, 1037 (3d Cir. 1970) (holding that where there was no allegation in the complaint nor at pre-trial that the damaging fumes emanated from a defective engine, permitting the assertion of this new position at trial 'would impair the efficacy of the pre-trial conference procedure and would have been manifestly unfair' to the defense) (citation omitted).

Thus, the Court will permit Dr. Lischner to amend his Complaint to include a "policy" claim and reopen discovery for a brief period to the extent that the parties may conduct further discovery on this particular issue.[5]  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

### 2. Evidentiary Support for a Policy or Custom Claim

The Court reserves ruling on the sufficiency of the evidence to support a policy or custom[6] claim until after the close of the supplemental discovery period.  If appropriate, the

---

[5] In the interests of justice, the Court will construe the statements in Dr. Lischner's Motion for Partial Summary Judgment and Response to be a request for leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), which allows a party to amend a pleading by leave of the Court.  See Harding v. Duquesne Light Co., 882 F. Supp. 422, 429-30 (W.D. Pa. 1995) (construing statement in party's response brief as request for leave to file an amended complaint).  Since Rule 15(a)'s right to amend as a matter of course has expired, any amendment can be made "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  Such leave to amend "shall be freely given when justice so requires." Id.

[6] It is not apparent to the Court from the papers submitted by the parties that Dr. Lischner intends to pursue a custom claim at trial.  Therefore, the defense argument in that regard does not seem to necessitate further discussion by the Court.

defense may renew the Motion for Reconsideration (or submit a motion *in limine* to account for additional factual information) to the extent it pertains to the merits of these claims at such time.

**CONCLUSION**

For the foregoing reasons, the Court will deny the Motion for Reconsideration without prejudice to the defense to renew the Motion or pursue such other strategic choices as defense counsel may determine after the close of the supplemental discovery period.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD LISCHNER,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **UPPER DARBY TOWNSHIP, et al.,** | : | |
| Defendants | : | NO. 05-4546 |

## ORDER

AND NOW, this 26th day of July, 2007, upon consideration of the defense Motion for Reconsideration (Docket No. 53), it is hereby ORDERED that the Motion is DENIED WITHOUT PREJUDICE.

It is further ORDERED that the parties shall have 30 days from the date of this Order[7] to conduct any supplemental discovery related to the issue of the alleged policy of Upper Darby Township.

It is further ORDERED that the parties shall inform the Court within 10 days of the date of this Order of a mutual request for a trial date, with such trial to occur on or after September 10, 2007.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[7] The parties are granted leave to apply to the Court if further time is necessary.